This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                        **NO. 35,131**

**JON D. RIZOR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Matthew G. Reynolds, Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}      Defendant Jon D. Rizor appeals from the district court's judgment and sentence, entered on September 10, 2015. [2 RP 294; DS 2] In this Court's second notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition to proposed summary affirmance (MIO), which we have duly considered. Remaining unpersuaded, we affirm Defendant's convictions.

{2}      In his memorandum in opposition, Defendant raises no new arguments or facts regarding his sufficiency argument that are not otherwise addressed by this Court's notice of proposed disposition. Rather, Defendant continues to argue that "no *rational* jury could have concluded that [he] was guilty" because of Victim's "repeated and vehement denial that [Defendant] was one of his attackers." [MIO 1] This argument was addressed in our notice of proposed disposition [*see* 2 CN 6–14], so we refer Defendant to our reasoning and analysis therein.

{3}      Defendant additionally argues that his constitutional right to due process was violated due to the police officers' failure to collect, process, and/or preserve certain evidence. [MIO 1–2] As acknowledged by Defendant, this argument was not raised below and is, accordingly, raised as fundamental error. [MIO 2] However, Defendant has not provided any argument or authority explaining why the officers' purported failure rises to the level of fundamental error. [*See* MIO 1–2] Instead, Defendant contends that the officers could or should have preserved, collected, or processed certain evidence to determine whether his fingerprints or DNA was present, and cites

to *State v. Ware*, 1994-NMSC-091, 118 N.M. 319, 881 P.2d 679. Although *Ware* does discuss the State's obligation to preserve evidence, it does not discuss fundamental error. *See generally id.*

{4}	Moreover, even if the officers' failure to process DNA or fingerprint evidence constitutes reversible error under *Ware*, in light of the other evidence offered at trial, and absent any explanation from Defendant to the contrary, we will not say that such error rises to the level of fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶¶ 8, 14, 135 N.M. 621, 92 P.3d 633 (stating that the "doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice" and "is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputabl[e], or open to such question that it would shock the conscience to permit the conviction to stand").

{5}	Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{6}	**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____

**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**